IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

              Plaintiff,                        ORDER

      v.                                     06-cr-164-bbc

WILLIE DEE PARKER,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Willie Dee Parker's supervised release was held on April 21, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney David J. Reinhard. Defendant was present in person and by Supervising Associate Federal Defender Michael W. Lieberman. Also present was Senior United States Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on January 31, 2007, following his conviction for unlawful possession of a firearm by an unlawful marijuana user in violation of 18 U.S.C. § 922(g)(3). This offense is a Class C felony. Defendant was

committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a three-year term of supervised release to follow.

Defendant began his term of supervised release on October 29, 2008. Defendant violated Special Condition No. 3, requiring him to abstain from illegal drugs and participate in substance abuse treatment, as evidenced by urine specimens he submitted on December 3, 2008, and January 7, 2009, which tested positive for cocaine. Defendant also violated this condition when he failed to report for drug testing on the following dates: November 25, December 12, 16, 23, and 26, 2008; as well as January 5, 16, and 23, 2009.

Defendant violated Standard Condition No. 9, prohibiting him from association with any persons engaged in criminal activity, as evidenced by his January 7, 2009, admission to the probation office that he had associated with a person in possession of cocaine.

On January 21, 2009, defendant violated Standard Condition No. 3, requiring him to follow the instructions of the probation officer, when he failed to submit a job application at Little Caesars Pizza or to contact Madison Urban Ministry for job search assistance. Defendant violated this condition again on March 3, 2009, when he failed to return from La Crosse, Wisconsin, for a random drug test as instructed.

On March 9, 2009, defendant violated Standard Condition No. 2, requiring him to report to the probation officer as directed and submit monthly report forms each month, when he absconded from supervision and his whereabouts were unknown for one year.

Defendant's conduct falls into the category of a Grade C violation. Section

7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it, or modify the conditions of release upon a finding of a Grade C violation.

CONCLUSIONS

Defendant was on supervised release for less than one month when he began violating his supervised release conditions.  He failed to report for random drug and alcohol tests, began using cocaine, failed to follow the probation office's instructions, associated with a person engaged in criminal activity and absconded from supervision.  Defendant's violations warrant revocation.  Accordingly, the three-year term of supervised release imposed on defendant on January 31, 2007, will be revoked.

Defendant's criminal history category is III.  With Grade C violations, defendant has an advisory guideline term of imprisonment of 5 to 11 months.  The statutory maximum to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range.  The intent of this sentence is to take into account defendant's personal history and non-compliant behavior

3

that culminated in his absconding from supervision and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 31, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 11 months, with a 27-month term of supervised release to follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of Special Condition No. 4, which shall require defendant to spend up to 120 days in a residential reentry center, specifically Schwert House located at 3501 Kipling Drive, Madison, Wisconsin, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center only for employment purposes and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 21st day of April 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
Chief District Judge